UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| PECK ORMSBY CONSTRUCTION COMPANY, | CIV. NO. 1:10-00545 WBS |
| Plaintiff, | <u>MEMORANDUM AND ORDER RE: STAY PENDING ARBITRATION</u> |
| v. | |
| CITY OF RIGBY, PARKSON CORPORATION, and WESTERN SURETY COMPANY, | |
| Defendants. | |

----oo0oo----

Plaintiff Peck Ormsby Construction Company ("Peck Ormsby") brought this action against defendants City of Rigby ("Rigby"), Parkson Corporation ("Parkson"), and Western Surety Company arising from a wastewater facility construction project for which Peck Ormsby was the contractor and Parkson the subcontractor. Rigby filed a third-party complaint against Travelers Casualty and Surety Company, who had delivered a performance bond to Rigby guaranteeing Peck Ormsby's performance.

1

(Docket No. 151.)

In addition to the performance bond involving Rigby, Travelers, and Peck Ormsby, Parkson was required to deliver a Performance Guarantee to Rigby.  The court originally held that an arbitration clause in the Performance Guarantee was not enforceable.  (Docket No. 84.)  After reversal and remand by the Ninth Circuit, (Docket No. 158), the court ordered that Parkson and Rigby arbitrate the claims between them, (Docket No. 163).  The court also ordered that the remaining parties brief the issue of whether the remaining claims should be stayed pending arbitration.  (Id.)

I.   The Court Will Not Stay the Non-Arbitable Claims

The court is in receipt of the remaining parties' briefs on the subject.  (Docket Nos. 165 & 166.)  The court held conferences on August 28th, 2013 and September 16, 2013 in which all parties participated.

Where an arbitration agreement is enforced as to some parties in the litigation but claims between parties not subject to the agreement remain, "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983); see also United States v. Neumann Caribbean Int'l, 750 F.2d 1422, 1427 (9th Cir. 1985) (staying all proceedings in case, including non-arbitrable third-party complaint, pending arbitration due to considerations of "economy and efficiency").  When deciding whether to stay the non-arbitrable claims, the court "considers economy and efficiency, the similarity of the law and fact to those that will

be considered during arbitration, and the potential for inconsistent findings absent a stay." <u>Wolf v. Langemeier</u>, No. 2:09-CV-03086-GEB-EFB, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24, 2010).

   While the law and facts at issue in the federal court proceedings are similar to those at issue in the arbitration, the court declines to stay the claims between the remaining parties during the course of the arbitration.  Any potential inconsistent findings by the arbitrator would not be binding against Peck Ormsby, who will not have an opportunity to participate in the arbitration.  <u>Cf.</u> <u>Contracting N.W., Inc. v. City of Fredericksburg</u>, 713 F.2d 382, 387 (8th Cir. 1983) (noting that "the arbitrator's findings will not be binding as to those not parties to the arbitration").  The parties have completed all discovery, filed dispositive motions, and are currently preparing for a trial on January 14, 2014.

   As the parties noted at the September 16, 2013 hearing, Rigby has not yet even initiated arbitration proceedings.  Should the arbitrable claims proceed to arbitration, the parties estimate that it would take up to five months to select arbitrators and proceed through preparations similar to trial.  Any economy and efficiency to be gained through prompt arbitration has already been lost.  Furthermore, while the court does not have the power to order a stay of the arbitration, the arbitrator would not be precluded from holding the arbitration proceedings in abeyance while the federal proceedings advance.  Thus economy and efficiency do not favor staying the non-arbitrable claims pending arbitration.

1    The court accordingly declines to stay the action
2 between Rigby, Peck Ormsby, and Travelers.
3 II.  <u>The Court Would Not, Over Parkson's Objection, Dismiss</u>
4    <u>Rigby's Claim Against Parkson Without Prejudice</u>
5    At the September 16, 2013 hearing, it was suggested
6 that Rigby might seek to dismiss its remaining claim against
7 Parkson without prejudice.  As the parties seem to agree, without
8 Parkson's consent, the court would have discretion to deny any
9 request by Rigby to dismiss its claim against Parkson without
10 prejudice.  See <u>Hamilton v. Firestone Tire & Rubber Co., Inc.</u>,
11 679 F.2d 143, 145 (9th Cir. 1982) ("The Ninth Circuit has long
12 held that the decision to grant a voluntary dismissal under Rule
13 41(a)(2) is addressed to the sound discretion of the District
14 Court, and its order will not be reversed unless the District
15 Court has abused its discretion."); <u>see</u> <u>also</u> <u>Searcy v. Thomas</u>,
16 1:10-CV-00294-EJL, 2013 WL 837936, at 2 (D. Idaho Mar. 6, 2013).
17    Under the circumstances of this case, the court would
18 not exercise its discretion to dismiss Rigby's claim against
19 Parkson without prejudice.  The parties have already spent
20 significant amounts of time, as well as court and financial
21 resources, litigating the arbitration issue.  The court sees no
22 benfit to a dismissal without prejudice.  Were the court to
23 dismiss without prejudice and Rigby to later bring the same claim
24 against Parkson again, there would be only the drawbacks of
25 further delay and the duplication of costs and efforts already
26 expended.
27 ///
28 ///

4

IT IS SO ORDERED.

DATED:  September 17, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE